IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONNDRANAE VONNYETTE WILLIAMS, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:24-cv-00836-L (BT) |
| TOPGOLF CORPORATE OFFICE, ET AL. | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ronndranae Williams initiated this *pro se* civil action by filing a complaint and a motion for leave to proceed *in forma pauperis* (IFP). The Court granted Williams leave to proceed IFP, but withheld issuance of process pending judicial screening. Ord. (ECF No. 6). For the reasons stated, the Court should dismiss this civil action with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Background**

Williams alleges that she was sexually harassed by her co-workers at Topgolf. Compl. (ECF No. 3); Ans. to Magistrate Judge Questionnaire (ECF No. 8). She also claims that "Black employees were fired while white employees were allowed to keep their jobs," Compl. 1, and that Topgolf retaliated against her, Ans. MJQ 3, 6. All of the conduct that forms the basis of her complaint occurred between 2018 and 2022. *See generally* Compl.; Ans. MJQ.

Williams previously filed a charge with the EEOC concerning the same allegations and received a right-to-sue notice on September 23, 2022. Compl. 1; Ans. MJQ 1. Thereafter, she filed a civil action in this Court on December 21, 2022, *Williams v. Topgolf (Dallas)*, N.D. Tex. Case No. 3:22-cv-2873-D. On December 27, 2023, the Court dismissed that lawsuit without prejudice for insufficient service under Fed. R. Civ. P. 12(b)(5). *See* J. (ECF No. 23) in Case No. 3:22-cv-2873-D. Williams did not appeal the Court's decision.

Instead, Williams filed this lawsuit on April 5, 2024. *See* Compl. In her Complaint and Answers to Magistrate Judge Questionnaire, she acknowledges that her prior case was dismissed, but states that she "would like to reopen [her] case and proceed with getting [her] voice heard." *Id.* Compl. 1.

## Legal Standards

Under 28 U.S.C. § 1915(e), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows

2

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A statute of limitations may support dismissal when it is evident from the plaintiff's pleadings that the action is barred, and the pleadings fail to raise some basis for tolling or avoidance of the bar. *Jones v. ALCOA, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

## Analysis

Plaintiffs bringing claims for discrimination or retaliation under Title VII must exhaust administrative remedies by filing a timely charge with the EEOC and receiving a right-to-sue notice. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Once a claimant receives the right-to-sue notice, she has 90 days to file a civil action. *Id.* at 379. This requirement is strictly construed and essentially operates as a statute of limitations. *Id.* (citations omitted); *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1257 (5th Cir. 1985).

In her filings, Williams admits that she received a right-to-sue notice regarding her claims on September 23, 2022. MJQ at 1, 2; *see also id.* Ex. A. So, her deadline to file a civil action expired on December 22, 2022. But Williams did not file this lawsuit until April 5, 2024. *See generally* Compl. (ECF No. 3). Her claims are thus untimely. And because Williams does not allege any facts to support tolling of the statute of limitation or other relief from the bar, her case must be dismissed.

Williams's claims are not subject to equitable tolling, which preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting her rights. *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). Williams has not alleged any facts to show that Topgolf or any other Defendant actively misled her about the causes of action in her case or prevented her in some way from asserting her rights.

Specifically, the fact that Williams may have timely filed her claims in an earlier lawsuit does not toll the limitations period. *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) (where plaintiff's Title VII suit had been dismissed for failure to prosecute, ninety-day limitations period had not been tolled by timely filing of Title VII suit, and second Title VII lawsuit was time-barred). The Court dismissed Williams's previous suit without prejudice on December 27, 2023. "A court's order dismissing a suit without prejudice leaves the plaintiff in the same position as if the first suit had never been filed." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). Consequently, the dismissal of a timely filed complaint does not toll the ninety-day limitations period for a subsequent suit. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (holding that "[i]f a Title VII complaint is timely filed pursuant to an EEOC

4

right-to-sue letter and is later dismissed, the timely filing of the complaint does not toll the ninety-day limitations period").

Finally, Williams's claims must be dismissed with prejudice. Dismissal with prejudice is appropriate when a plaintiff could not successfully bring her claim even if given the opportunity to amend it and cure its deficiencies. *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016). Williams's claims in this case are time-barred, and further amendment would be futile because limitations bar all her claims. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Because she cannot successfully bring a claim even if given the opportunity to file an amended complaint, the Court should dismiss her claims with prejudice. *Id*.

## Recommendation

For the reasons stated, the Court should dismiss Williams's claims with prejudice under § 1915(e)(2)(B).

DATED  January 10, 2025.

_____
HON. REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

5

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).