IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RONNDRANAE VONNYETTE WILLIAMS,** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **TOPGOLF CORPORATE OFFICE,** § <br> **et al.,** § <br> § <br> Defendants. § | Civil Action No. **3:24-CV-836-L-BT** |

# ORDER

On January 10, 2025, the United States Magistrate Judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 10) ("Report"), recommending that the court **dismiss with prejudice** this action, pursuant to 28 U.S.C. § 1915(e)(2)(B). On January 14, 2024, Plaintiff filed Objections to the Report (Doc. 13).

Plaintiff Ronndranae Williams ("Plaintiff" or "Ms. Williams") filed this action on April 5, 2024, against Topgolf Corporate Office, Topgolf Dallas, Caleb Schmitz, and Kirsty Williams (collectively "Defendants") alleging discrimination and retaliation. Compl. 1. The magistrate judge determined that Ms. Williams received a right-to-sue notice regarding her claims on September 23, 2022, and the deadline to file a civil action was December 22, 2022, but she did not file this lawsuit until April 5, 2024. Report 3 (citations omitted). The magistrate judge determined that this action is time-barred and because Ms. Williams does not allege "any facts to support tolling of the statute of limitation or other relief from the bar, her case must be dismissed." *Id.*

Order – Page 1

Moreover, the magistrate judge concluded that Plaintiff "has not alleged any facts to show that Topgolf or any other Defendant actively misled her about the causes of action in her case or prevented her in some way from asserting her rights." *Id.* at 4. Because Plaintiff could not successfully bring her claim even if given the opportunity to amend and cure its deficiencies, the claims must be dismissed with prejudice. *Id.* at 5 (citing *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016)).

In her Objection, Plaintiff requests that the court "[p]lease allow [her] to keep [her] case open and not dismiss[] with prejudice." Doc. 13 at 1. She contends that she has been waiting to have her case heard since 2018 and has not had her case heard. *Id.* She requests that the court allow her to tell her side of what happened to her because the settlement that she had with Defendants was not fair to her. *Id.* at 2. Moreover, Plaintiff contends that she has proof and is a victim and continues to get victimized. *Id.*

Pursuant to Title VII, a plaintiff must file[ ] a timely charge with the EEOC and receive[ ] a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). Section 2000e–5(f)(1) requires a civil action be commenced within ninety days after the plaintiff has received a right-to-sue notice from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1). Ms. William's deadline was December 22, 2022, and this action was not filed until April 5, 2024, which is past the deadline by more than fifteen months. *See generally* Doc. 3. Because she did not "file suit within ninety days" of receiving the right-to-sue notice from the EEOC, "then the action is time-barred." *Payan v. Aramark Mgmt. Services Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (citation omitted). Further, Plaintiff does not state with specificity the portions of the Report to which she is objecting. *See* Fed. R. Civ. P. 72(b)(2). For all of these reasons, Plaintiff's Objections are **overruled.**

Having considered the pleadings, Report, Objection, file, and record in this case, and having conducted a de novo review of that portion of the report to which the **objection** was made, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's **objections** and, pursuant to 28 U.S.C. § 1915(e)(2)(B), **dismisses with prejudice** as frivolous this action by Plaintiff. Further, given its ruling, the court **directs** the clerk of the court to term all **pending motions** in this case (Docs. 9, 17, and 18). Even if Plaintiff were allowed to amend her pleadings to state a claim upon which relief can be granted, it would be futile because of the untimely filing of her Complaint.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of the entry of this order.

**It is so ordered** this 4th day of February, 2025.

Sam A. Lindsay
United States District Judge